# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| AMERICO ESTEPAN RAMIREZ,<br><br>                     Plaintiff,<br>   v.<br><br>DEVCON INTERNATIONAL CORP.,<br>M21 INDUSTRIES, INC., formerly known<br>as the companies MARK 21, INDUSTRIES<br>INC., RENTAL EQUIPMENT COMPANY,<br>INC., CONTROLLED CONCRETE<br>PRODUCTS, and MARK 21 INDUSTRIES,<br>V.I. CEMENT & BUILDING PRODUCTS,<br>INC. d/b/a MARK 21,<br><br>                     Defendants. | 1:06-cv-109 |

TO:    Lee J. Rohn, Esq.
         Justin K. Holcombe, Esq.

### ORDER DENYING DEFENDANTS' MOTION TO QUASH SUBPOENA

THIS MATTER came before the Court upon Defendants' Motion to Quash Subpoena or, in the Alternative, to Issue a Protective Order that the Requested Documents Need Not Be Produced (Docket No. 80). Plaintiff filed a response thereto (Docket No. 90) and the time for reply has expired.

The controversy surrounds a subpoena issued by Plaintiff to James L. Hymes, III, Esquire ("Attorney Hymes"), who served as counsel for Defendants prior to the

substitution of Dudley, Topper and Feuerzeig. Mot. at 1. The subpoena in question commands Attorney Hymes to produce: (1) "Any documents including electronic correspondence such as emails indicating any communications with Drillex or counsel for Drillex or agents for Drillex." (2) "Any communications with Defendant as to its obligation to pursue Drillex, the status of Drillex, its knowledge of the financial condition of Drillex, when it obtained that knowledge." Resp. Ex. 4. Defendants claim that the requested documents would cause an undue burden on Attorney Hymes, are irrelevant to the Plaintiff's claims, and are protected by the work product doctrine.

"Generally speaking, a party does not have standing to quash a subpoena served on a third party. An exception is made, however, where . . . the party seeks to quash based on claims of privilege relating to the documents being sought." *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (E.D. Pa. 2001) (quoting *Johnson v. Gmeinder*, 191 F.R.D. 638, 640 n.2 (D. Kan. 2000)) (citation omitted). Defendants' arguments that the subpoena should be quashed because of relevance and undue burden fail because Defendants lack the standing to quash a subpoena served on Attorney Hymes, a third party.

Defendants do have standing to quash the subpoena based on claims of privilege and attempt to do so by asserting the work product doctrine. The work product doctrine "generally precludes discovery of 'documents and tangible things that are prepared in

anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).'" *St. Croix Renaissance Group, LLLP v. St. Croix Alumina, LLC*, 2009 U.S. Dist. LEXIS 61268, at *4 (D.V.I. 2009) (quoting Fed. R. Civ. P. 26(b)(3)).

If a party wishes to withhold otherwise discoverable information by claiming the information is privileged, the rules mandate that the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Despite not using the term "privilege log," the discovery rule requires sufficient disclosure to allow an independent determination of a privilege. *Dade Eng'g Corp. v. Reese*, 2006 U.S. Dist. LEXIS 32639 at *16 (D.V.I. 2006). Here, Defendants are vague about the nature of the documents they wish to protect, stating, "an attorney's communications regarding pursuit of legal action [sic] another corporation constitutes work product" without mentioned anything more about the information or documents they wish to protect. Mot. at 3. Further, Defendants have not provided a privilege log describing the information or documents they wish to protect. Resp. at 3. Defendants fail to describe the nature of the documents, communications, or tangible things not produced or disclosed, and have therefore not met the requirements for

claiming privilege.

Defendants also request that the Court enter a protective order prevent access to the documents requested from Attorney Hymes. Federal Rule of Civil Procedure 26(c)(1) states:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

Fed. R. Civ. P. 26(c)(1). "In the context of discovery, it is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that 'good cause' exists for the order of protection." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (citation omitted).

Here, Defendants state that Attorney Hymes has provided the requested documents to the current attorneys, which falls short of a clearly defined and serious injury. Defendants also allege that the requested documents are not relevant to Plaintiff's claims. "[R]elevant evidence is defined broadly as evidence that has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more

probable or less probable than it would be without the evidence.'" *Moyer v. United Dominion Indus.*, 473 F.3d 532, 542 (3d Cir. 2007) (quoting Fed. R. Evid. 401). Here, Plaintiff contends "Defendants never had any intention of pursuing Plaintiff's claims against Drillex and their representations they would do so were and are fraudulent." Plf's First Am. Compl. para. 16. The documents sought are relevant as they would tend to prove Defendants' knowledge and intentions of Drillex's financial position as it relates to the settlement agreement. Therefore, the Court declines to issue a protective order to protect the requested documents.

Based on the foregoing, it is hereby **ORDERED** that Defendants' Motion to Quash Subpoena or, in the Alternative, to Issue a Protective Order that the Requested Documents Need Not Be Produced (Docket No. 80) is **DENIED**.

ENTER:

Dated: July 1, 2010
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE